UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
TRUSTEES of the SHEET METAL WORKERS' LOCAL   :
UNION NO. 28 FUNDS and PLANS,                :
individually named herein as SHEET METAL WORKERS' : Civil Case No.: 19-CV-10828
LOCAL UNION NO. 28 VACATION FUND, SHEET      :
METAL WORKERS' LOCAL UNION NO. 28 WELFARE    :
FUND, SHEET METAL WORKERS' LOCAL UNION       :
NO. 28 SUPPLEMENTAL UNEMPLOYMENT FUND,       : **COMPLAINT**
SHEET METAL WORKERS' LOCAL UNION NO. 28      :
ANNUITY FUND, SHEET METAL WORKERS' LOCAL     :
UNION NO. 28 PENSION FUND, SHEET METAL       :
WORKERS' LOCAL UNION NO. 28 JOINT LABOR      :
MANAGEMENT FUND, SHEET METAL WORKERS'        :
LOCAL UNION NO. 28 EDUCATION FUND, SHEET     :
METAL WORKERS' LOCAL UNION NO. 28            :
SCHOLARSHIP FUND, SHEET METAL WORKERS'       :
LOCAL UNION NO. 28 ASSESSMENTS FUND,         :
SHEET METAL WORKERS' LOCAL UNION NO. 28      :
POLITICAL ACTION FUND, SHEET METAL           :
WORKERS' LOCAL UNION NO. 28 BUILDING FUND,   :
and INTERNATIONAL ASSOCIATION OF SHEET       :
METAL, AIR, RAIL AND TRANSPORTATION          :
WORKERS' LOCAL UNION NO. 28, AFL-CIO,        :
                                             :
                              Plaintiffs,    :
        -against-                            :
                                             :
FAHRENHEIT MECHANICAL LLC,                   :
                              Defendant.     :
------------------------------------------------------------------------X

Plaintiffs, by their attorneys, COLLERAN, O'HARA & MILLS L.L.P. complain of Defendant as follows:

**JURISDICTION AND VENUE**

1. Jurisdiction is conferred upon this court by the Employee Retirement Income Security Act of 1974, (hereinafter "ERISA"), as amended, §§ 502 and 515, 29 U.S.C. §§ 1132 and 1145; and the Labor Management Relations Act, (hereinafter "LMRA"), as amended, § 301, 29 U.S.C. § 185; derivative jurisdiction is contained in 28 U.S.C. §§ 1331 and 1337.

2. Venue within this district is proper pursuant to LMRA § 301, 29 U.S.C. § 185; ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2); and 28 U.S.C. § 1391(b).

## NATURE OF ACTION

3. This action is brought, inter alia, in accordance with the requirements of the LMRA § 302, as amended, 29 U.S.C. § 186 ("Taft-Hartley" plans) to enforce the relevant provisions of the jobsite agreement, applicable collective bargaining agreements, and statutory obligations imposed on Defendant by ERISA § 515, 29 U.S.C. §1145, and LMRA § 301(a), 29 U.S.C. § 185(a).

## PARTIES

4. Plaintiffs, TRUSTEES of the SHEET METAL WORKERS' LOCAL UNION NO. 28 FUNDS AND PLANS, individually named herein as SHEET METAL WORKERS' LOCAL UNION NO. 28 VACATION FUND, SHEET METAL WORKERS' LOCAL UNION NO. 28 WELFARE FUND, SHEET METAL WORKERS' LOCAL UNION NO. 28 SUPPLEMENTAL UNEMPLOYMENT FUND, SHEET METAL WORKERS' LOCAL UNION NO. 28 ANNUITY FUND, SHEET METAL WORKERS' LOCAL UNION NO. 28 PENSION FUND, SHEET METAL WORKERS' LOCAL UNION NO. 28 JOINT LABOR MANAGEMENT FUND, SHEET METAL WORKERS' LOCAL UNION NO. 28 EDUCATION FUND, SHEET METAL WORKERS' LOCAL UNION NO. 28 SCHOLARSHIP FUND, (hereinafter "ERISA FUNDS") are, at all relevant times, employee benefit plans as defined in ERISA § 3(1) and (2), 29 U.S.C. §1002(1) and (2), established and maintained by employers engaged in commerce and by a labor organization representing employees engaged in commerce and in an industry affecting commerce, which, further, qualify as multi-employer plans within the meaning of ERISA § 3(37)(A), 29 U.S.C. §1002(37)(A). The ERISA FUNDS maintain their office at 195 Mineola Boulevard,

Mineola, New York 11501.

5. Plaintiffs, SHEET METAL WORKERS' LOCAL UNION NO. 28 ASSESSMENTS FUND, SHEET METAL WORKERS' LOCAL UNION NO. 28 POLITICAL ACTION FUND, and SHEET METAL WORKERS' LOCAL UNION NO. 28 BUILDING FUND (hereinafter "UNION FUNDS" and, collectively with the ERISA FUNDS, hereinafter referred to as the "FUNDS") are contractually-generated funds created pursuant to the relevant collective bargaining agreement ("CBA") between Plaintiff, INTERNATIONAL ASSOCIATION OF SHEET METAL, AIR, RAIL AND TRANSPORTATION WORKERS' LOCAL UNION NO. 28, AFL-CIO, and non-parties Sheet Metal & Air Conditioning Contractors Association of New York City, Inc. and SMACNA of Long Island, Inc.  The UNION FUNDS maintain their office at 195 Mineola Boulevard, Mineola, New York 11501.

6. Plaintiff, INTERNATIONAL ASSOCIATION OF SHEET METAL, AIR, RAIL AND TRANSPORTATION WORKERS' LOCAL UNION NO. 28, AFL-CIO, (hereinafter "LOCAL 28" or "UNION") is a labor organization affecting commerce as defined by LMRA § 152(5) as well as ERISA § 1002(4) representing individuals who performed work for Defendant, [ER'S FULL NAME].  LOCAL 28 maintains an office at 500 Greenwich Street, Suite 502, New York, New York 10013.

7. Upon information and belief, Defendant, FAHRENHEIT MECHANICAL LLC, (hereinafter "FAHRENHEIT" or "EMPLOYER"), is and was, at all relevant times, a domestic New York corporation transacting business pursuant to the laws of the State of New York with its principal place of business at 120 Broadway, 36th Floor, New York, New York, 10271.

8. FAHRENHEIT is, and was at all relevant times, engaged in an industry affecting commerce and an "employer" within the meaning of the National Labor Relations Act, (hereinafter

3

"NLRA"), §§ 2(2) and 301(a), 29 U.S.C. 152(a) and 185(a), and ERISA §§ 3(5) and 515, 29 U.S.C. 1002(5) and 1145.

## FACTS

9. The EMPLOYER has, at all times relevant to this action, been a party to a CBA with the UNION governing the wages, hours and working conditions of certain of its employees.

10. At all times relevant to this action, the CBA has required FAHRENHEIT to make contributions to the FUNDS and LOCAL 28 on behalf of its employees who are covered by the CBA, at specified rates for each hour of covered employment, subject to certain limitations set forth in the CBA.

11. By way of executing the CBA, FAHRENHEIT agreed to be bound by the provisions of the FUNDS' Collection Policy, By-Laws, and the Agreement and Declaration of Trust governing the various FUNDS.

12. The CBA and the Agreement and Declaration of Trust governing the various ERISA FUNDS provide that if FAHRENHEIT fails to remit contributions by the date due, the EMPLOYER is liable to the ERISA FUNDS for: (A) the delinquent contributions; (B) interest on delinquent contributions at the prime rate plus twelve percent (12%) with a minimum of fifteen percent (15%) per year following a five (5) day grace period; (C) liquidated damages of twenty percent (20%) on unpaid contributions; and (D) the ERISA FUNDS' attorneys' fees and costs.

13. In addition to weekly benefits contributions, the CBA requires FAHRENHEIT to submit a weekly remittance report to the FUNDS providing the name and hours worked for each worker employed by FAHRENHEIT on whose behalf employee benefit contributions are made.

14. Based upon the weekly remittance reports submitted by FAHRENHEIT, the PLAINTIFFS have determined that FAHRENHEIT has failed to contribute to the FUNDS

contributions that are due and owing for the period from week ending July 11, 2019 through week ending November 6, 2019.

15. To date, FAHRENHEIT has failed to pay contributions on reported hours in the amount of $109,864.84 due and owing to the FUNDS for the period from week ending July 11, 2019 through week ending November 6, 2019.

16. In addition to the weekly remittance reports, FAHRENHEIT was required to submit monthly remittance reports for hours worked on production-light commercial projects.

17. FAHRENHEIT has failed to submit remittance reports owed for hours worked on production-light commercial projects for the months of August through October 2019. PLAINTIFFS estimate that at a minimum an additional $645.00 in fringe benefit contributions will be owed for these months.

18. FAHRENHEIT further owes interest on late payments made on contributions for the period of week ending October 3, 2018 through June 26, 2018 in the amount of $4,693.56.

## COUNT I – ERISA

19. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "18" of this Complaint with the same force and effect as though the same were set forth at length herein.

20. Section 515 of ERISA, 29 U.S.C. § 1145, requires that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."

21. FAHRENHEIT's failure to pay contributions, interest, liquidated damages and attorneys' fees and costs owing to the ERISA FUNDS and to submit remittance reports violates

the CBA and the Agreement and Declaration of Trust governing the various ERISA FUNDS, which is incorporated into the CBA, thus giving rise to an action under ERISA Section 515.

22. Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), mandates the following:

> In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce [Section 515] in which a judgment in favor of the plan is awarded, the court shall award the plan,
>
> (a) the unpaid contributions,
>
> (b) interest on the unpaid contributions,
>
> (c) an amount equal to the greater of
>
> > (i) interest on the unpaid contributions; or
> >
> > (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the [unpaid contributions],
>
> (d) reasonable attorneys' fees and costs of the action, to be paid by the defendant, and
>
> (e) such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan[.]

23. The ERISA FUNDS are thus entitled under ERISA Section 502(g)(2) to unpaid contributions plus interest, liquidated damages, attorney's fees and costs.

## **COUNT II – LMRA**

24. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "23" of this Complaint with the same force and effect as though the same were set forth at length herein.

25. Section 301 of the LMRA, 29 USC § 185(a), provides a federal cause of action for "[s]uits for violation of contracts between an employer and a labor organization."

6

26. By failing to pay the contributions and other amounts owing to the UNION FUNDS, FAHRENHEIT has violated the CBA.

27. The FUNDS are thus entitled under LMRA Section 301(a) to the unpaid contributions.

## COUNT III – LMRA

28. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "27" of this Complaint with the same force and effect as though the same were set forth at length herein.

29. By failing to pay the contributions and other amounts owing to the FUNDS, FAHRENHEIT has violated the CBA and the Agreement and Declaration of Trust governing the various FUNDS, which is incorporated into the CBA.

30. The FUNDS are thus entitled under LMRA Section 301(a) to unpaid contributions, interest, liquidated damages, attorney's fees and costs.

## COUNT IV – DEMAND FOR REMITTANCE REPORTS

31. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "30" of this Complaint with the same force and effect as though the same were set forth at length herein.

32. As was noted in Paragraph 16, FAHRENHEIT was required to submit monthly remittance reports for hours worked on production-light commercial projects. FAHRENHEIT has failed to submit said reports for the period from August 2019 to October 2019.

33. PLAINTIFFS have estimated, based upon prior production-light commercial remittance reports, that FAHRENHEIT will owe a minimum of $645.00 in fringe benefit contributions for hours worked on production-light commercial projects during the period from

August 2019 to October 2019.

34. FAHRENHEIT has breached its obligations under the CBA by failing to submit monthly remittance reports for hours worked on production-light commercial projects for the period from August 2019 to October 2019. FAHRENHEIT must submit those reports and the estimated $645.00 due and owing for that period.

## COUNT V – DEMAND FOR INTEREST

35. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "34" of this Complaint with the same force and effect as though the same were set forth at length herein. As was noted in Paragraph 12, the CBA and the Agreement and Declaration of Trust governing the various ERISA FUNDS provide that if FAHRENHEIT fails to remit contributions by the date due, the EMPLOYER is liable to the ERISA FUNDS for: (A) the delinquent contributions; (B) interest on delinquent contributions at the prime rate plus twelve percent (12%) with a minimum of fifteen percent (15%) per year following a five (5) day grace period; (C) liquidated damages of twenty percent (20%) on unpaid contributions; and (D) the ERISA FUNDS' attorneys' fees and costs.

36. FAHRENHEIT has breached its CBA by failing to pay the required contribution on time and as a result was thereon obligated to pay interest on late contribution payments for the period from week ending October 3, 2018 to week ending June 26, 2019 in the amount of $4,693.56.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs request that the Court enter a judgment:

1. Ordering FAHRENHEIT MECHANICAL LLC, to pay the FUNDS:

    a.  the delinquent contributions amounting to $109,862.84 for the periods from week ending July 11, 2019 through week ending November 6, 2019;

    b.  interest on delinquent contributions at the prime rate plus twelve percent (12%) with a minimum of fifteen percent (15%) per year following a five (5) day grace period;

    c.  liquidated damages of twenty percent (20%) on unpaid contributions; and,

    d.  the FUNDS' attorneys' fees and costs;

2. Ordering FAHRENHEIT MECHANICAL LLC to provide production-light commercial remittance reports for the period from August 2019 through October 2019 and to pay $645.00 owed in contributions for said period;

3. Ordering FAHRENHEIT MECHANICAL LLC to pay the PLAINTIFFS $4,693.56 in interest on late payment and contributions for the period from week ending October 3, 2018, to June 26, 2019; and

4. Providing such other legal and equitable relief as the Court deems proper.

Dated: November 22, 2019
       Woodbury, NY

                                          Respectfully submitted,

                                          COLLERAN, O'HARA & MILLS L.L.P.
                                          By: _____*/S/ Thomas P. Keane*_____
                                          THOMAS P. KEANE (TK4425)
                                          Attorneys for Plaintiffs
                                          100 Crossways Park Drive West, Suite 200
                                          Woodbury, New York 11797
                                          (516) 248-5757
                                          tpk@cohmlaw.com

To: Fahrenheit Mechanical LLC
     120 Broadway, 36th Floor
     New York, New York, 10271